Robert D. Steele and Reita S. (Rigg) Steele v. Commissioner.
Steele v. Commissioner
Docket No. 72195.
United States Tax Court
T.C. Memo 1960-181; 1960 Tax Ct. Memo LEXIS 117; 19 T.C.M. (CCH) 966; T.C.M. (RIA) 60181; August 31, 1960
*117 Robert D. Steele, pro se, 8307 Ramsgate Avenue, Los Angeles, Calif. Marion Malone, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $204.23 in income tax for the year 1955. The question for decision is whether certain automobile expenses claimed by petitioner in excess of $220.25 which was reimbursed by his employer for such expenses, were ordinary and necessary business expenses and so deductible by petitioner. Findings of Fact Some of the facts are stipulated, are so found, and the stipulation of facts and attached exhibits are incorporated by this reference. The petitioners are husband and wife residing in Los Angeles, California. They filed a joint return for 1955 with the district director of internal revenue for the Los Angeles district on a cash basis. Petitioner Robert D. Steele (hereinafter called petitioner) has been employed as a building inspector by the City of Los Angeles since 1947 and was so employed continuously throughout 1955. At the time he was employed, petitioner was informed that he would be required to furnish his own automobile for his work. *118 Petitioner's duties as a building inspector required that he report, with his automobile, at the Los Angeles City Hall at 7:30 A.M. each weekday. His headquarters were at the City Hall, and a desk was assigned to him at which he spent one or two hours each morning in detail work such as preparing reports of the previous day's activities and in preparation for his inspection trips. At approximately 9:00 A.M. he left the City Hall and began his inspection duties at his various field assignments. For inspection work he traveled to the different field assignments in his own automobile and returned home at night directly from the last field inspection. In the Building Inspector's Manual, Section IV, Procedure and Use of Building Department Forms, it is specified that called inspections shall be arranged in proper sequence to effect the least mileage. During 1955 the petitioner's inspection work was primarily in the heavy industrial area, most of which is located within one or two miles of the Los Angeles City Hall. Petitioner was required to furnish a daily inspector's report showing his mileage from his home to his office, from the office to his first job, then to his last job, and, *119 after that, the mileage to his home. Petitioner owned two automobiles throughout 1955. One was a 1950 model Buick which he used in the performance of his duties. It was required to be properly insured and he was reimbursed for its use on a mileage basis. Petitioner's wife used the other automobile to drive to her school teaching job. The expenses of this auto were not claimed on the tax return for 1955. The distance from petitioner's home to his headquarters at City Hall in Los Angeles is 15 miles. The mileage reimbursement to the petitioner was governed by section 6c. of the City Ordinance No. 86,626, which specified as follows: "All employees who regularly report to their headquarters in the morning and return directly to their homes from the last field job in the evening (or vice versa) shall not be reimbursed for mileage traveled between their homes and headquarters, but shall be reimbursed for all mileage traveled in excess of six (6) miles between the last field job in the evening and their homes; "Under section 6d. of the same ordinance, it is specified that: "All employees who regularly report directly from their homes to a field job in the morning and return directly *120 to their homes from a field job in the evening shall be reimbursed for any mileage traveled in excess of six (6) miles each way between their field jobs and homes;" The City Ordinances and Regulations under which petitioner worked did not specify that petitioner must drive his car home at night from his last field inspection. The mileage reimbursement to the petitioner for the year 1955 totalled $220.25 and represented reimbursement of 8 1/2" per mile for 2,591 miles. During the year 1955 the automobile used by the petitioner in his employment was driven a total of 8,719 miles as follows: Percent
Miles
of Total
Personal Use
1,036
12%
Reimbursed Mileage
2,591
30%
Unreimbursed Mileage
5,092
58%
8,719
100%
The unreimbursed mileage of 5,092 miles represents the distance of 15 miles to the headquarters and the last six miles to the petitioner's home, or a total of 21 miles per day for a total of 241 working days during the year. During the taxable year 1955 petitioner incurred the following total personal and business expenses on the automobile he used in his work: Gasoline
$ 310.08
Oil
39.60
Lubrication
12.00
Repairs
128.87
Depreciation
714.33
Insurance
65.00
Car washing
18.00
$1,287.88
*121 The allocation of the total expenses to the three categories of use in proportion to the mileage driven for each category is as follows: Personal Use
12%
$ 154.55
Reimbursed Mileage
30%
386.36
Unreimbursed Mileage
58%
746.97
$1,287.88
The $220.25 reimbursement from the City was reported as income for 1955. The petitioners deducted $1,211.85 as unreimbursed automobile expenses on their 1955 return. Opinion The Commissioner determined that the claimed automobile expense in excess of the reimbursed $220.25 was not an ordinary and necessary business expense and accordingly increased petitioners' income by $991.60. The Commissioner on brief now takes the position that 30 per cent of petitioner's total automobile expenses, or $386.36, was incurred in his trade or business and is fully deductible; that $746.97 representing 58 per cent of his total automobile expenses was incurred in commuting to and from work and is not deductible; and that expenses of $154.55 representing 12 per cent of the total expenses were personal and are not deductible. We think the Commissioner's position is correct and should be sustained. On the record it is obvious that *122 the automobile in question in addition to business use, was used by petitioner in commuting between his home and his business headquarters in the morning and then from the site of his last inspection, again to his home. It has long been held that such commuting expenses are not deductible. ; , affirming . We do not agree with petitioner's argument that the City's requirement that petitioner furnish his own car and use it on the job converts what otherwise would be a personal commuting expense into a deductible business expense and we have been cited to and can find no case which would support such a contention on the facts before us. No business of the employing City, nor of petitioner himself, was served by the use of the petitioner's automobile in getting to and from his job to his home. That he so used the automobile resulted from personal choice and not from the requirements of his job. It is of course recognized that petitioner is entitled to deduct those expenses of the automobile incurred in the performance of his duties. This *123 is taken care of by the allowance made by the Commissioner on the basis of the allocation between personal, commuting and business expenses set out above. This is not an exact allocation, but we think it is an eminently practical one and give it our approval. The computation now made by the Commissioner reduces the amount of the deficiency from $204.23 to $170.05. Decision will be entered for the respondent in the amount of $170.05.