WILLIAM J. KRAMBO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krambo v. Commissioner
Docket No. 4568-79.
United States Tax Court
T.C. Memo 1980-425; 1980 Tax Ct. Memo LEXIS 153; 41 T.C.M. (CCH) 42; T.C.M. (RIA) 80425; September 25, 1980, Filed William J. Krambo, pro se. Dennis Brager, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1976 in the amount of $550. The only issue for decision is whether petitioner is entitled to deduct automobile expenses incurred with respect to driving his personal automobile from his home to his place of employment and from his last place of work for the day to his home. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, an individual who resided in Tujunga, California, *154 at the time of the filing of his petition in this case, filed an individual Federal income tax return for the calendar year 1976 as an unmarried head of a household with the Internal Revenue Service Center in Fresno, California. [1]
From 1957 throughout the year here in issue, petitioner has been employed by the City of Los Angeles as a building mechanical inspector. Petitioner was required to furnish his own automobile for job-related field inspections and was required to insure the vehicle, indemnifying the City of Los Angeles against loss or liability arising from such use. Petitioner was required to report to his office at the Los Angeles City Hall each weekday at 7:30 a.m. Petitioner had a small office which he used alone. He would spend his morning hours at City Hall doing such work as preparing reports of the previous day's activities and preparing for the field inspections which he would *155 do later in the day. In the afternoon petitioner would drive from City Hall to the first place where he was to perform an inspection, and from this place to his other various assignments and would return home at night directly from his last field assignment.
Petitioner was required by his employer to keep a combined daily work report and mileage report form upon which reimbursement at the officially designated rate was calculated for use of his automobile. Petitioner was reimbursed for all mileage traveled on city business from his headquarters at the beginning of the work schedule until he reached his last field inspection, and was further reimbursed for mileage traveled between his last field job and his home which was in excess of the mileage from his headquarters to his home. In the trunk of his car petitioner carried equipment and tools necessary for the performance of his work. The tools and other materials petitioner needed to carry with him for his work weighed a total of approximately 75 pounds. Petitioner could have stored his tools and other work-related materials in his office at City Hall but he considered it to be inconvenient to carry these items in and out each *156 day. In addition, if he had stored the items in his office, he would have found it necessary to return to the office after his last inspection assignment rather than going directly home after that assignment. Petitioner's tools and other materials necessary in his work fit in the trunk of petitioner's car and petitioner incurred no additional expense solely attributable to carrying these items in his car. Petitioner's home was approximately 10 miles from his office at City Hall. It generally took petitioner 25 to 35 minutes to drive from his home, which at that time was Burbank, California, to his office. Petitioner would leave home at approximately a quarter of seven in the morning. He would arrive at the parking lot where he parked his car at around 7:10 to 7:20, which would allow him time to walk the 2 blocks from the parking lot to his office and be in his office by 7:30. There is bus service available from the vicinity of petitioner's home to the vicinity of City Hall. Approximately a block and a half from petitioner's home, at the corner of Alameda and Pass Streets, a number 86 bus leaves for downtown Los Angeles at 6:13 a.m. This bus arrives at Sunset and Figureroa *157 Streets to connect with bus number 75, which passes within walking distance of City Hall shortly before 7:30 a.m. The round trip bus fare from Alameda and Pass Streets to City Hall is 90 cents a day. Petitioner never took the bus to work. He did not take the bus at other times except on a few occasions when he would take a special bus to the Hollywood Bowl. On these occasions, he would drive his automobile the 3 or 4 blocks to the use stop for the Hollywood Bowl special bus. Petitioner's general area of work stretches a distance of over 50 miles. Because of the large area over which petitioner's inspection assignments were spread, he had no preactical way to get from one assignment to another except by automobile.His employer would not have permitted petitioner to travel from one assignent to another by means other than automobile since any other form of transportation would have been inefficient. Petitioner on his Federal income tax return for 1976 deducted $645 as "employee business expenses." Petitioner explained this deduction on Form 2106, attached to his return, as follows: 7,431 miles at 15 cents per mile
$1,115
Less employer's payments for expenses
470
Excess expenses
$ 645
*158 Respondent in his notice of deficiency disallowed petitioner's claimed deduction of $645 for automobile expenses with the explanation that "The having of tools in your vehicle in commuting to and from your place of business does not make your commuting cost deductible." OPINION It has been held in numerous cases that commuting expenses are personal living expenses which are non-deductible under section 262, I.R.C. 1954, [2] rather than business expenses deductible under section 162. See Sapp v. Commissioner, 36 T.C. 852, 855 (1961), affd. per curiam 309 F.2d 143 (5th Cir. 1962). At one time a conflict developed in the Circuit Courts of Appeals as to whether an individual, who was required by his employer or the nature of his business to carry tools with him to and from his place of work, was entitled to deduct a portion of his expense of commuting from his residence to his place of employment. This conflict was resolved in Fausner v. Commissioner, 413 U.S. 838 (1973). In the Fausner case at page 839 the Court stated-- *159 * * * Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense.We cannot read section 262 of the Internal Revenue Code as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. Additional expenses may at times be incurred for transporting job-required tools and material to and from work. Then an allocation of costs between "personal" and "business" expenses may be feasible. But no such allocation can be made here. [Fn. ref. omitted.] It is respondent's position that the decision in Fausner v. Commissioner, supra, disposes of petitioner's contention in this case. Petitioner, however, contends that his situation differs from that of the taxpayer in the Fausner case since there is a dispute whether he would have commuted in his automobile had he not been required to use his automobile in his work and transport the tools used in his work and, secondly, that, in fact, his automobile was a tool of his work causing him to come within the reference to additional expenses *160 incurred in transporting job-required tools. It is questionable whether the mode of transportation which petitioner would have used if he had not been required to transport tools and use his car in his work is material to the decision in this case. If it is material, we conclude that petitioner has not shown that he would not have driven his car to and from work even if he had carried no tools and not been required to use his car in his work. In his testimony, petitioner speculated that he would have used the bus. However, there is nothing in this record to show why petitioner could not have returned from his last inspection job to his parking place near City Hall, left his car there overnight, and taken the bus home from work and back the next morning. Also, the record shows that petitioner used his car for almost all his personal transportation rather than taking the bus. Riding the bus from petitioner's home to his office was more time-consuming and less convenient than driving his car. In our view, there is no merit to petitioner's second contention that his automobile was a "tool" used in his business which he was required to transport to and from work. In the first *161 place, petitioner has not shown that he was required to drive the car to and from work but only that he was required to have a car available at work. Secondly, no additional expense over the cost of driving the car for commuting was incurred by petitioner because of having to have his car available for work. We conclude that petitioner has failed to establish that his cost of commuting to and from work is a business rather than a personal expense. [3]
*162 Decision will be entered for the respondent. Footnotes
1. Respondent in his notice of deficiency determined that petitioner was not entitled to the filing status of head of a household. However, this adjustment was not placed in issue since petitioner in his petition conceded that he was not entitled to file as a head of a household.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the year in issue.↩
3. The same issue involved in this case was involved in Steele v. Commissioner, T.C. Memo. 1960-181, 19 T.C.M. 966, 29 P-H Memo T.C. par. 60,181 (1960). That case involved a building inspector employed by the City of Los Angeles who was required to use his automobile in his work and was reimbursed on the same basis as petitioner for use of his automobile. In that case we held that the fact that the taxpayer was required to supply a personal automobile for use in his work did not convert "what otherwise would be a personal commuting expense into a deductible business expense." We stated: No business of the employing City, nor of petitioner himself, was served by the use of the petitioner's automobile in getting to and from his job to his home. That he so used the automobile resulted from personal choice and not from the requirements of his job.↩