GREGORY L. DEBLOCK and
KYUNG V. DEBLOCK
*v.*
DEPARTMENT OF REVENUE

RICHARD K. SLEGERS and
BETTY L. SLEGERS
*v.*
DEPARTMENT OF REVENUE

Donald H. Burnett, Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, represented plaintiffs.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered September 16, 1977.

CARLISLE B. ROBERTS, Judge.

These cases involve the deductibility for Oregon income tax purposes of "traveling expenses," "commuting expenses," or transportation expenses incurred by the plaintiffs, Richard K. Slegers, during 1972, 1973 and 1974, and Gregory L. Deblock, during 1972 and 1973, on appeal from the defendant's Orders No. I 76-17 and No. I 76-10, respectively. The Slegers case was tried on March 22, 1977, in Portland in conjunction with the case of Richard K. Slegers and Betty Lou Slegers, husband and wife, plaintiffs, v. United States of America, defendant, in the United States District Court for the District of Oregon, Civil No. 76-147. The Deblock case was tried on briefs on April 1, 1977, in Salem. By stipulation of counsel in Deblock, filed April 1, 1977, the Deblock and Slegers cases were consolidated for briefing and oral argument, the law in the two cases being identical and the pertinent facts substantially the same except for names, years and numbers.

The federal court's findings of fact and conclusions of law, dismissing the Slegers' action, was handed down in Portland on April 15, 1977, by the Honorable Gus J. Solomon, Senior U. S. District Judge. However, this court had agreed to the filing by the parties of post-trial briefs, to be followed by oral argument in Salem on June 24, 1977.

As stated in plaintiffs' trial memorandum, at 2:

"The question of the deductibility of travel and other away-from-home expenses has been a prolific and continuous source of litigation under the income tax law. The question has arisen in practically as many contexts as there are occupations in the vast and varied economy of this country. The result has been a multitude of cases often turning on narrow distinctions and difficult, if not impossible, to reconcile with one another and to reduce to any coherent set of rules. * * *"

The court is in general agreement with this statement and commends counsel for the extremely thorough,

painstaking effort (unquestionably involving a substantial number of hours of research and preparation) fully to advise the court in the premises. Notwithstanding the opinion of the respected Senior Judge of the U. S. District Court for the District of Oregon, this court has independently examined the evidence and weighed the arguments, pro and con, which have been submitted to it.

Years of study by this judge of the question of away-from-home and commuter expenses has led him to believe that there is uneven treatment among several classes of commuters in the income tax law, but he has concluded that this problem is a subject for the legislature, not for the courts. (The court notes, with interest, that a new statute, Or Laws 1977, ch 872, §§ 7-11, makes provision for income tax deductions for certain commuting expenses of construction workers, such as the plaintiffs, for income tax years beginning on and after January 1, 1977.)

The court is particularly impressed by the relatively recent expression of opinion by the U. S. Supreme Court in which it takes as a rule that commuting expenses are not deductible, not even where baggage must be carried. *Fausner v. Commissioner,* 413 US 838, 93 S Ct 2820, 37 L Ed2d 996, 32 AFTR2d 73-5202, 73-2 USTC ¶ 9515 (1973), *reh. denied,* 414 US 882, 94 S Ct 43, 38 L Ed2d 130 (1973). The plaintiff therein, who regularly traveled by private automobile from his home to his place of employment and back again, a round trip of approximately 84 miles, was denied a deduction in spite of the fact that he was required not only to transport himself but also some baggage which was connected with his work as a commercial airlines pilot. Other significant cases have been cited by defendant, but in view of Or Laws 1977, ch 872, *supra,* they will not be discussed here.

After a full consideration of all the authorities cited by counsel, this court has concluded that Judge Solomon's decision has covered every pertinent point and

it is paraphrased and adopted as this court's decision in both No. 1042 and No. 1055, as follows:

### *Findings of Fact*

The plaintiffs, Richard K. Slegers and his wife, Betty Lou Slegers, are citizens of the State of Oregon. During all relevant periods, the plaintiffs owned and occupied a residence with their children in Gresham, Oregon.

Richard K. Slegers, a steamfitter by trade, was employed in October 1972 by Wright-Schuchart-Harbor Construction Co. to work on the construction of the Trojan nuclear power plant located at Rainier, Oregon, some 65 miles from Gresham.

Richard Slegers was continuously employed at the Trojan site for at least three years; and when he was first employed, he could reasonably anticipate his employment would last at least 18 months and probably until the anticipated completion of the Trojan plant in December 1975, a period of more than three years.

As the result of his employment, Richard K. Slegers traveled 65 miles to and from the Trojan site on each of his working days during 1972, 1973 and 1974, the tax years in question. For such travel he received additional compensation from Wright-Schuchart-Harbor, pursuant to the zoning provisions in the union contract. Plaintiffs deducted certain sums from their gross income for those automobile expenses actually incurred by Richard K. Slegers in traveling between his residence and his principal place of employment at the Trojan site. The amount of such automobile expenses is not in dispute. Nevertheless, the Oregon Department of Revenue disallowed this item of deduction in its entirety.

During the major portion of the period of Richard Slegers' employment at the Trojan plant site, Betty Lou Slegers, his wife, was employed as a schoolteacher in Gresham, and the money she received was a significant part of the family income.

On June 29, 1976, the plaintiffs paid an additional $1,476.08 to the defendant, representing that portion of their tax deficiency attributed to the claimed deduction of Richard K. Slegers' automobile expenses in the three tax years, including interest.

The plaintiffs made a timely claim for refund, but that claim was disallowed by the defendant. The plaintiffs timely filed this action for abatement of tax and refund on June 2, 1976.

*Conclusions of Law*

1. This court has jurisdiction.

2. Richard K. Slegers' permanent residence was in Gresham, Oregon, during most of the period here involved, while his principal place of business during 1972, 1973 and 1974 was the Trojan site in Rainier, Oregon.

3. Richard K. Slegers' employment at the Trojan site was indefinite, not temporary, in nature.

4. The automobile expenses incurred by Richard K. Slegers during 1972, 1973 and 1974 were commuting expenses and were properly denied as a deduction for income tax purposes by the defendant.

5. Richard K. Slegers, in incurring the automobile expenses at issue, did not come within the provisions for deduction allowed by IRC (1954), § 162(a), a federal statute adopted for the tax years in question by ORS chapter 316, the Oregon personal income tax law.

6. Neither the employment of Richard K. Slegers' wife as a schoolteacher in Gresham, nor the employment of Richard K. Slegers in the construction industry, alters the fact that the travel expenses at issue were commuting expenses incurred in traveling between a residence and a principal place of employment of indefinite duration.

The defendant's Orders No. I 76-17 and No. I 76-10 are affirmed.

The plaintiffs' suits in Tax Court Nos. 1042 and 1055 are dismissed with prejudice. No costs to any party.