# IN THE OREGON TAX COURT

## SHELTON et al
*v.*
## DEPARTMENT OF REVENUE
(TC 2187)

Michael N. Bodkin, Foss, Whitty & Roess, Coos Bay, represented plaintiffs.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered January 18, 1985.

**EDWARD H. HOWELL, Judge Pro Tem.**

The plaintiffs appeal the defendant's denial of a deduction for transportation expenses claimed in plaintiffs' 1979 Oregon personal income tax return. Plaintiff, an electrician, resides in Coquille, Oregon, and is a member of the union local situated in Coos Bay, Oregon. During 1979, he was dispatched from the Coos Bay local to work for two different

contractors in Gardiner, Oregon, approximately 30 miles from Coos Bay.

Initially the Internal Revenue Service allowed plaintiffs a deduction for transportation expenses until the defendant disallowed the same. Upon this happening, the Internal Revenue Service also disallowed deduction. The plaintiffs successfully contested the Internal Revenue Service's change in position and prevailed. *Shelton v. Commissioner,* TC Docket No. 12280-83"S".

The defendant declined to change its position that the expenses were personal commuting expenses and therefore nondeductible, asserting that the case above did not set a precedent. This court agrees because IRC § 7463 (1954, as amended 11-78) provides for special appeals where the amount in controversy does not exceed $5,000 and specifically provides in subsection (b) that "[a] decision * * * shall not be reviewed in any other court and shall not be treated as a precedent for any other case."

The defendant asserts that in order for the plaintiffs' expenses to be deductible they must be trade or business expenses incurred as part of that trade or business. The defendant contends that plaintiff's "trade or business" was located in Gardiner in 1979 and that his claimed travel expenses were actually commuting expenses from his home in Coquille to his "place of business."

The issue presented is whether the disputed expenses, not involving an overnight stay, are deductible transportation expenses or nondeductible commuting expenses.

ORS 316.007 adopts, by reference, the federal provisions allowing the deduction of trade or business expenses in IRC § 162(a) (1954) and denying such a deduction for "personal, living or family expenses" in IRC § 262 (1954).

Internal Revenue Code § 162 (1954) provides for a deduction of travel expenses that are ordinary and necessary to the pursuit of a trade or business. While seemingly plain in its import, the statutory provision has effectively precluded uniform interpretation for decades. The question of deductibility of travel expenses has been a prolific and continuous

source of litigation under the income tax laws. The result has been a multitude of cases making narrow distinctions.

■ The initial Supreme Court case construing travel expense deductions was *Commissioner v. Flowers*, 326 US 465, 66 S Ct 250, 90 L Ed 203, *rehearing denied*, 326 US 812, 66 S Ct 482, 90 L Ed 496 (1946). The court found that the taxpayer's extra living expenses incurred by travel between his principal place of business and his home where he also did much of his work was occasioned solely by his personal desires. This decision eliminated deductions for expenses necessitated only by the taxpayer's choice of the place where he lived.

Rev Rul 56-49, 1956-1 CB 152, broadened the definition of "home" to include the general vicinity of the taxpayer's principal place of business. This ruling held that the tax or business home of a taxpayer is his principal or regular post of duty and that a fireman who is assigned on different days to different locations within the same city or general area is not "away from home" because a taxpayer's principal post of duty includes the entire city or general locality in which he customarily carries on his trade or business.

In *Rosenspan v. U.S.*, 438 F2d 905 (2d Cir 1971), 27 AFTR2d 71-707, *cert denied*, 404 US 864, 92 S Ct 54, 30 L Ed 2d 108, *rehearing denied*, 404 US 959, 92 S Ct 306, 30 L Ed 2d 281 (1971), the court held that when an assignment is truly temporary it would be unreasonable to expect a taxpayer to move his home and the expenses are thus compelled by the exigencies of business.

A deduction for auto expense for a logger's daily travels has been allowed because the work locations were temporary and the taxpayer was required to carry tools back and forth with him. *Crowther v. Commissioner*, 269 F2d 292 (9th Cir 1959), 4 AFTR2d 5295.

In a similar case travel expenses were allowed to a temporary site even though no tools were carried back and forth. *Mathews v. Commissioner*, 310 F2d 98 (9th Cir 1962), 10 AFTR2d 6033.

These cases were substantially undermined by the decision in *U.S. v. Correll*, 389 US 299, 88 S Ct 445, 19 L Ed 2d 537 (1967), which pointed out a distinction between travel expenses deductible under IRC § 162(a)(2) (1954) and the

general provisions of IRC § 162(a) (1954). The former requires the taxpayer to be "away from home" in order to deduct travel expenses while IRC § 162 (1954) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Pursuant to this distinction the court in *Turner v. Commissioner,* 56 TC 27, 31 (1971), ruled that "[t]ransportation expenses need not be 'away from home' to be deductible under section 162(a)."

The most recent Oregon decision on the deductibility of travel expenses is *Deblock v. Dept. of Rev.,* 286 Or 735, 596 P2d 560 (1979), *affirming,* 7 OTR 191 (1977). Travel expenses were denied on the basis that the taxpayer's employment was "indefinite" rather than "temporary." In the instant case, the defendant has stipulated that the plaintiff's jobs were "temporary."

■    A regulation adopted by the Internal Revenue Service states that daily transportation expense is deductible if the employment is strictly "temporary," not "indefinite," at a worksite located outside the metropolitan area in which the taxpayer is regularly employed. Rev Rul 190, 1953-2 CB 303; Rev Rul 59-371, 1959-2 CB 236; Rev Rul 60-189, 1960-1 CB 60; Rev Rul 61-95, 1961-1 CB 749.

Defendant stated that if plaintiff's trade or business is located at Coos Bay and his travel is part of that trade or business, then it is conceded that those expenses are deductible. The defendant contends, however, that the plaintiff's trade or business is located at the various jobsites where he is employed; therefore, his travel from his home to the jobsite is commuting and nondeductible.

From 1976 to 1979 the plaintiff was dispatched from the union local in Coos Bay to jobsites at Newport, Coos Bay, Florence, Waldport, Toledo, Dillard, Gardiner and North Bend. According to plaintiff, jobs are "allocated by my union on a first come basis."

■    As a union member, the plaintiff's jobs come through his local union located in Coos Bay, Oregon. This union is the focal point of plaintiff's "trade or business." Without this

"place of business," the plaintiff would receive no job assignments. Travel from the plaintiff's home to his place of business is personal commuting expense but travel from that situs of plaintiff's business, the "hiring hall," to the assigned jobsite for temporary employment results in expense incurred in carrying on that trade or business. The court finds that the travel expenses claimed by plaintiffs are deductible pursuant to IRC § 162(a) (1954).

The mileage amounts used in determining the plaintiffs' travel expenses were not contested by the defendant. Therefore, the amount paid by the plaintiffs plus statutory interest shall be refunded to them.